# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 26, 2011

Lyle W. Cayce
Clerk

No. 10-10864
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

PAULITO GOVEA-SAN ROMAN,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CR-11-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Paulito Govea-San Roman (Govea) pleaded guilty of illegal re-entry after deportation and was sentenced at the top of the guidelines range to a 57-month term of imprisonment and to a three-year period of supervised release. Govea contends that his sentence is substantively unreasonable because the district court failed to give adequate weight to his cultural assimilation, and that the district court failed to explain adequately why a more lenient sentence was not appropriate.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10864

Our review of the substantive reasonableness of Govea's sentence is for an abuse of discretion. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010). With respect to Govea's challenge to the reasonableness of the district court's procedures, we have held that a party must object below to the asserted procedural error "'in such a manner so that the district court may correct itself and thus, obviate the need for our review.'" *United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011) (quoting *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009)). If a party fails to object with the necessary clarity below, our review is for plain error only. *Id.* (citing *Mondragon-Santiago*, 564 F.3d at 361). Here, though Govea objected to his sentence's "procedural . . . reasonableness," the court would not have known the nature of Govea's procedural challenge and been able to obviate the need for our review. Thus, we review that challenge for plain error. To show plain error, Govea must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Even if we assume that the district court erred in failing to explain the sentence adequately, Govea cannot show that the error affected his substantial rights. *See Mondragon-Santiago*, 564 F.3d at 365. Govea has not shown how a better explanation would have changed his sentence. *See id.* "While cultural assimilation *may* be considered as a mitigating factor, there is no requirement that a sentencing court *must* accord it dispositive weight." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (per curiam) (internal citation omitted). Govea has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (per curiam). The judgment is AFFIRMED.

2