# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2011

No. 10-10526
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADOLFO CABRERA-VALDOVINOS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-353-1

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Adolfo Cabrera-Valdovinos (Cabrera) pleaded guilty of illegal reentry after removal from the United States and was sentenced at the top of the guidelines imprisonment range to a 78-month term of imprisonment and to a two-year period of supervised release. Cabrera has appealed his sentence.

Cabrera contends that the district court committed a procedural error in determining his sentence by considering facts that had no basis in the record, that is, the likelihood that Cabrera had entered the United States illegally on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

more occasions than had been disclosed in the presentence report.  Because Cabrera did not preserve this claim of error adequately in the district court, we have reviewed it for plain error.  *See United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011).  Under the plain-error standard, we will "remedy forfeited error only when it is plain and affects the defendant's substantial rights." *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  If these elements are met, we have "discretion to correct the forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

In sentencing a defendant, "[t]he district court must make an individualized assessment based on the facts presented."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  By stating that the "law of averages" supported the supposition that Cabrera had entered the United States illegally on more than four occasions, the district court arguably considered facts that were outside the record and that were not individualized. Assuming without deciding that the district court erred, we hold that Cabrera cannot show that his substantial rights were affected.  *See Mondragon-Santiago*, 564 F.3d at 361.  The district court's decision to sentence Cabrera at the top of the guidelines range was amply supported by the fact that Cabrera had entered the country illegally on four occasions and was not deterred by a prior sentence of imprisonment for illegal reentry.  The judgment is

AFFIRMED.