**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 26, 2011

Lyle W. Cayce
Clerk

No. 09-31210
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MARIN-CORONA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:09-CR-147-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Marin-Corona appeals the 60-month above-guidelines sentence imposed after he pleaded guilty to aggravated reentry following deportation.  He challenges the procedural and substantive reasonableness of his sentence, arguing that the district court erroneously calculated the guidelines range, did not provide notice of its intent to sentence him above the guidelines range, and did not properly assess his nonviolent criminal history and other mitigating circumstances.  As Marin-Corona

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31210

concedes, our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

Specifically, Marin-Corona argues that the district court erred by applying a 12-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(B) without reviewing any *Shepard*[1]-approved documents to verify that his previous North Carolina conviction qualified as a drug trafficking crime. Although the government has supplemented the record with the judgment of conviction, we need not address whether the record now supports application of the enhancement because even if the district court committed an error in calculating the defendant's guidelines range, Marin-Corona cannot demonstrate that the error affected his substantial rights. *See United States v. Dickson*, 632 F.3d 186, 191 (5th Cir.), *cert. denied*, 131 S. Ct. 2947 (2011) (concluding that an error in the application of the Guidelines does not affect the defendant's substantial rights unless the defendant can show a "reasonable probability" that he would have received a lesser sentence but for the error).

The record demonstrates that the district court imposed a non-guidelines sentence or variance. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). The district court did not cite a particular guidelines provision, but at sentencing expressed concern about the length and seriousness of Marin-Corona's criminal history as well as the fact that he had twice reentered the country illegally . The district court's statement of reasons shows that it imposed a non-guidelines sentence because of the nature and circumstances of the offense and Marin-Corona's history and characteristics, as well as to reflect the seriousness of the offense, promote respect for the law, provide a just punishment, adequately deter future criminal conduct, and protect the public from further crimes.

---

[1] *Shepard v. United States*, 544 U.S. 13, 16 (2005).

As the district court imposed a non-guidelines sentence based on the 18 U.S.C. § 3553(a) factors, any error in the calculation of the guidelines range did not affect the actual sentence; thus, Marin-Corona cannot demonstrate that but for error, he would have received a lesser sentence. *Dickson*, 632 F.3d at 191. Furthermore, because the district court did not depart from the Guidelines, but instead imposed a sentencing variance, Marin-Corona was not entitled to advance notice. *See Irizarry v. United States*, 553 U.S. 708, 716 (2008).

In addition, the district court did not plainly err by concluding, after considering all of the § 3553(a) factors, that a 60-month sentence — substantially less than the statutory 20-year maximum — was necessary to reflect the seriousness of Marin-Corona's criminal history and to deter future crime. *See* 8 U.S.C. § 1326(b)(2). The district court was in the best position to evaluate Marin-Corona's history and characteristics as well as the need for the sentence imposed to further the objectives set forth in § 3553(a) – such as deterring future criminal activity, promoting respect for the laws, and protecting the public from possible harm. The district court's reasoned decision is entitled to deference. *See United States v. Gall*, 552 U.S. at 38, 51-52 (2007); *United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006).

Even taking into account Marin-Corona's mitigating circumstances, such as his health, the district court's imposition of a 60-month sentence is not error, much less plain error. Marin-Corona has an extensive criminal history, which included several convictions for drug possession and driving while impaired, and he has demonstrated his inability to refrain from illegally reentering the country. *See United States v. Gutierrez*, 635 F.3d 148, 155 (5th Cir. 2011). Further, the extent of the variance imposed by the district court is within the range of other sentences that we have affirmed. *See id.* at 155 n.34 (collecting cases); *Brantley*, 537 F.3d at 350 (finding no plain error where district court imposed an upward sentencing variance of 180 months based on defendant's

extensive criminal history and the need deter future crime and protect the public, where the top of the advisory guidelines range was 51 months).

Accordingly, the judgment of the district court is AFFIRMED.