# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2011

Lyle W. Cayce
Clerk

No. 11-30148
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY J. THOMAS, also known as Anthony Thomas, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-236-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Anthony J. Thomas appeals the 87-month above-guidelines sentence he received after pleading guilty to possession of a firearm by a convicted felon. According to Thomas, the district court committed procedural error by imposing the sentence without addressing his mitigation arguments in a meaningful manner and by failing to provide a detailed statement of reasons. He also argues that his sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 49-51 (2007), this court must first determine whether the sentence imposed is procedurally sound. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). As Thomas concedes, because he raised the procedural error issue for the first time on appeal, we review for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

Despite Thomas's assertions otherwise, the record reveals that the district court considered his mitigation arguments. At sentencing, the district court stated that it had read Thomas's sentencing memorandum, which included Thomas's argument that a sentencing departure was not warranted due to his troubled childhood and adolescence, his father's drug addiction, losing close friends and family members to violence involving firearms, and suffering lingering health problems from gunshot wounds. In addition, the district court allowed Thomas to speak and engaged Thomas in conversation about the issues. Thomas's mitigation arguments were mentioned in the presentence report (PSR), which the district court considered in its entirety. The district court's decision to impose an upward departure despite express knowledge of the issues affecting Thomas constitutes an implicit rejection of Thomas's mitigation arguments. *See Gall*, 552 U.S. at 51; *see also United States v. Herrera-Garduno*, 519 F.3d 526, 530 (5th Cir. 2008) (finding no procedural error where the district court, inter alia, allowed both parties to present arguments about the appropriateness of their requested sentences).

Moreover, the district court provided adequate and detailed reasons for imposing an above-guidelines sentence. After reviewing Thomas's continuous and extensive criminal history, the district court noted that many of Thomas's offenses involved drugs and weapons as well as fleeing from or other dangerous

interactions with law enforcement officials.  The district court stated on the record that it was imposing what it considered to be an appropriate sentence based upon Thomas's previous firearms-related offenses, the lack of deterrence by lenient sentences, Thomas's violent and "antisocial behavior," the likelihood of recidivism, Thomas's prior unsuccessful supervision periods, and the need to protect the public.  Additionally, the district court explained that it had considered the entire PSR and listed specific § 3553(a) factors.  As the record demonstrates, the district court considered Thomas's arguments and provided an adequate explanation for imposing an above-Guidelines sentence; therefore, Thomas has not shown procedural error, plain or otherwise.  *See Gall*, 552 U.S. at 51; *Whitelaw*, 580 F.3d at 262-63.

Thomas's assertion that his sentence is substantively unreasonable is equally without merit.  He argues that because the district court relied solely on his criminal history and ignored his mitigating arguments, the departure from the advisory guidelines imprisonment range of 46 to 57 months up to 87 months was "considerable" and ""unreasonable."  We consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51; *see also United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

An upward departure may be warranted "if reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1).  The record reveals that the district court did not ignore Thomas's mitigation arguments and did not rely solely on Thomas's criminal history to calculate an appropriate sentence, but also considered the PSR and the § 3553(a) factors.  The district court was in the best position to evaluate Thomas's history and characteristics as well as the need for the sentence imposed to further the objectives set forth in § 3553(a), and

the district court's reasoned decision is entitled to deference. *See Gall*, 552 U.S. at 51-52.

Even taking into account Thomas's mitigating issues, the 87-month sentence imposed was not unreasonable, especially in light of Thomas's young age and extensive criminal history, his inability to successfully complete probation or supervised release, and his repetitive engagement in dangerous and violent interactions with law enforcement officials. *See United States v. Gutierrez*, 635 F.3d 148, 155 (5th Cir. 2011). Furthermore, the 30-month difference between the 57-month top of the advisory guidelines range and the 87-month sentence imposed is considerably less than other sentences that we have affirmed. *See id. at* 155 n.34 (collecting cases); *United States v. Smith*, 440 F.3d 704, 708 n.5, 709-10 (5th Cir. 2006) (upholding as reasonable variance from guidelines range maximum of 27 months to 60 months). We must give the district court's conclusion that the § 3553(a) factors justified the extent of the deviation due deference, and it is immaterial that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Thomas has failed to demonstrate that the district court abused its discretion. *See id.* Accordingly, the judgment of the district court is AFFIRMED.