**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 9, 2011

Lyle W. Cayce
Clerk

No. 11-30335
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS R. SEGUNDO-ESPINOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CR-242-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Tomas R. Segundo-Espinoza (Segundo) appeals the 72-month non-guidelines sentence he received after he pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326. Segundo argues that his sentence, above the guidelines range of 46 to 57 months, is procedurally and substantively unreasonable.

Sentences are reviewed first for procedural error and then for substantive reasonableness, which is reviewed for an abuse of discretion. *Gall v. United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States*, 552 U.S. 38, 51 (2007).  Segundo's objection to the district court's upward variance did not preserve Segundo's challenges to the procedural reasonableness of his sentence, and review is for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Segundo's argument that the district court's use of his prior robbery conviction in its calculation of the guidelines range was problematic because it both increased his criminal history score and enhanced his base offense level fails.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  Likewise, given his criminal history, Segundo's arguments regarding cultural assimilation are unavailing.  *See* U.S.S.G. § 2L1.2, comment. (n.8); *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 433 34 (5th Cir. 2001) fails.  The district court's lengthy explanation for its sentence indicates that the court considered the applicable 18 U.S.C. § 3553(a) factors.  *See* § 3553(a)(1), (a)(2), and (a)(6); *United States v. Gutierrez*, 635 F.3d 148, 153 (5th Cir. 2011).  Although Segundo contends that the court focused on irrelevant factors, including his relationship with the mother of his children, whether they received public assistance, and the public's views of immigration, the court indicated it was not basing punishment on these facts and cited other factors in support of its sentence, including Segundo's criminal history and numerous prior removals.  Segundo fails to show any plain procedural error.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Segundo also fails to show that the district court's upward variance to 72 months was substantively unreasonable.  *See Gall*, 552 U.S. at 51.  Although cultural assimilation can be a reason for the district to vary, nothing requires the district court to give it more weight than other factors.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2009).  Segundo's argument that district court improperly gave significant weight to his robbery conviction is unavailing.  *See United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008).  Segundo's unwarranted disparity argument based on the sentence given

another illegal reentry defendant on the same day Segundo was sentenced fails, as the record does not indicate that he and the other defendant had similar records. *See* § 3553(a)(6). In short, the sentence did not unreasonably fail to reflect the § 3553(a) sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Because Segundo does not challenge the extent of the district court's variance from the Guidelines, he has abandoned that issue. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir.), *cert. denied*, 131 S. Ct. 158 (2010). Even if this issue were not deemed abandoned, this court has upheld variances of similar or greater amounts in illegal reentry cases. *See. e.g., Lopez-Velasquez*, 526 F.3d at 805-07; *Herrera-Garduno*, 519 F.3d at 531-32.

AFFIRMED.