# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 15, 2011

Lyle W. Cayce
Clerk

No. 11-40338
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO HERNANDEZ-TONCHE, also known as Francisco Javier Hernandez-Tonche,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1043-1

Before DAVIS, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Francisco Hernandez-Tonche appeals the 24-month above-guidelines sentence imposed following his conviction for unlawful presence in the United States after deportation.

Hernandez-Tonche argues that his sentence is procedurally unreasonable because it is based on erroneous factual findings and assumptions. Because he made only a general objection to the reasonableness of his sentence and did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

object on any specific procedural ground, we review his claims of procedural error for plain error. *See United States v. Gutierrez,* 635 F.3d 148, 152 (5th Cir. 2011); *United States v. Whitelaw,* 580 F.3d 256, 259 (5th Cir. 2009).

First, Hernandez-Tonche asserts that the district court erred because it mistakenly believed that he had been convicted of criminal mischief. This conviction and a subsequent DWI conviction had been erroneously attributed to Hernandez-Tonche in the initial PSR but the convictions were deleted from the final Amended PSR. He also argues that the district court's statement that his criminal history was "continuous" supports his claim of error because, in the absence of these two convictions, his criminal history could no longer be said to be continuous. However, after the district court's attention was directed to the Amended PSR, it did not mention the criminal mischief conviction again and it consistently cited the calculations from the Amended PSR. In addition, even with these two convictions removed, Hernandez-Tonche's criminal history still could be said to be continuous because it included six convictions, at least three of which were for some form of assault or violent behavior, over an approximately 10 year period. *Cf. United States v. Brantley,* 537 F.3d 347, 349 (5th Cir. 2008).

Second, Hernandez-Tonche argues that the district court erred by assuming that the short sentences he received for his prior convictions were not indicative of the seriousness of those offenses. Although the district court speculated that these short sentences might represent an attempt by the state courts to avoid the costs of incarceration by enabling Hernandez-Tonche to be quickly removed from the United States, it also acknowledged that it did not know why the state courts chose those sentences. In addition, the district court's sentencing discussion focused on the facts underlying these prior convictions, rather than the length of the sentences imposed. Hernandez-Tonche has not shown that the district court committed any procedural error, plain or otherwise.

In addition to arguing that his sentence was procedurally unreasonable, Hernandez-Tonche argues that his sentence was substantively unreasonable because the district court erred in balancing the sentencing factors of 18 U.S.C. § 3553(a) and gave significant weight to factors that should not have received such weight. Because he did object to the reasonableness of his sentence, we review these claims for an abuse of discretion. *See United States v. Delgado-Martinez,* 564 F.3d 750, 751-53 (5th Cir. 2009); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

First, Hernandez-Tonche argues that his sentence was substantively unreasonable because the district court assumed that his prior offenses were more serious than the imposed sentences indicated and because the district court improperly considered the criminal mischief conviction that had been stricken from the Amended PSR. For the reasons discussed above, each of these claims is without merit.

Second, Hernandez-Tonche argues that the district court gave improper weight to a 2001 misdemeanor conviction for assault and battery, which occurred more than nine years earlier and resulted in a sentence of only 40 days. The district court did refer to this conviction several times during sentencing, but it also discussed other parts of his criminal history, which suggests that it did not give improper weight to this single conviction. In addition, the fact that Hernandez-Tonche had other convictions for assault or violent behavior after that 2001 conviction undercuts his argument that the predictive power of that conviction was significantly reduced by the passage of time.

Third, because his 24 month sentence was 18 times greater than his sentence for his 2001 misdemeanor assault and battery conviction, and was 3 times greater than the next highest prior sentence he had received, Hernandez-Tonche argues that it was greater than necessary to achieve the purposes of sentencing and, thus, substantively unreasonable. We must give deference to the district court's decision that the § 3553 factors justify the extent of the

variance. *Gall v. United States,* 552 U.S. 38, 51 (2007). The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* Prior to choosing a sentence, the district court stated that it had considered the 18 U.S.C. § 3553(a) factors, including Hernandez-Tonche's criminal history, his personal history and characteristics, the need to protect the public, and the need to prevent any future criminal activity. In light of his criminal history, history of recidivism, and history of violent behavior, we conclude that the district court's sentence was not an abuse of discretion. Further, the 8 month difference between the top of the advisory guidelines range and the 24 month sentence imposed is within the range of other sentences that this court has affirmed. *See, e.g., Gutierrez*, 635 F.3d at 155 & n.34 (upholding variance from 21 months to 50 months); *United States v. Smith*, 440 F.3d 704, 708-10 & n.5 (5th Cir. 2006) (upholding variance from 27 months to 60 months). Hernandez-Tonche has not shown that the district court abused its discretion or imposed a substantively unreasonable sentence.

AFFIRMED.