**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2012

No. 11-10481
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GABRIEL DAVILA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-203-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gabriel Davila appeals the upward-variance sentence imposed following his guilty-plea conviction for unauthorized use of an access device. He contends that the sentence was procedurally unreasonable because the district court did not explicitly consider the contentions that he advanced in support of a downward variance and failed to provide an adequate basis for its upward variance. Davila also contends that the sentence was substantively unreasonable because an upward variance was not warranted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10481

We review sentences for reasonableness by engaging in a bifurcated process. *See Gall v. United States*, 552 U.S. 38, 51 (2007). First, we must ensure that the sentencing court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." *Id.* Only if we conclude that the sentence is procedurally sound do we consider whether it is substantively reasonable. *Id.*

The reasonableness of a sentence is normally reviewed for an abuse of discretion. As Davila's general objection to his sentence was not sufficient to alert the district court to the basis of his procedural challenge, however, we review his challenge for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Even if the district court erred by failing explicitly to reject Davila's arguments for a downward variance, he has not shown that the error affected his substantial rights. *Id.* at 364. In addition, the district court sufficiently articulated its specific reasons and the sentencing factors that it relied on in support of the upward variance. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

As Davila preserved his challenge to the substantive reasonableness of his sentence, we review this issue for abuse of discretion. *See United States v. Gutierrez*, 635 F.3d 148, 154 (5th Cir. 2011). Our examination of the record and of the totality of the circumstances satisfies us that the district court properly relied on the 18 U.S.C. § 3553(a) factors in deciding to impose an upward variance and in calculating the extent of that variance. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.