# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2013

Lyle W. Cayce
Clerk

No. 12-30380
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTON KRASNOV,

Defendant-Appellant

Cons. w/ No. 12-30461

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DENYS ZADOROZHNYI,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CR-220-1
USDC No. 2:11-CR-220-5

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

Anton Krasnov and Denys Zadorozhnyi, along with three additional codefendants, were charged with various counts of conspiracy and bank fraud. Both pleaded guilty to a single count of conspiring to commit bank fraud. Krasnov received a two-year prison sentence, substantially higher than his guidelines imprisonment range of zero to six months, and Zadorozhnyi was sentenced to 30 months of imprisonment, also substantially higher than his 6 to 12 months guidelines range. Both appeal their sentences.

Many of Krasnov and Zadorozhnyi's arguments rest on the premise that the district court impermissibly departed upward in imposing their sentences. Based upon this perception, they argue that departure would not have been justified under certain provisions of the Sentencing Guidelines relevant to departures. They also argue that whether they are likely to pay restitution cannot justify a departure. Finally, they contend that they did not receive the required notice that the court was considering an upward departure and were not given an opportunity to comment on the court's reasons for departing. Krasnov and Zadorozhnyi did not raise any arguments at sentencing related to the departure provisions in the Guidelines; thus, our review is for plain error only. See United States v. Gutierrez, 635 F.3d 148, 152 (5th Cir. 2011).

At sentencing, the district court explained that it had taken into account the Sentencing Guidelines as well as the 18 U.S.C. § 3553(a) factors and specifically the seriousness of each defendant's actions and their lack of criminal history. The district court also adopted the victim's argument that severe sentences were necessary for deterrence. It did not refer to the sentences as departures from the Guidelines or cite to any departure provision in the Guidelines. Because the district court accounted for the guidelines ranges but imposed sentences outside of those ranges based on the § 3553(a) factors, the sentences constitute variances rather than departures. See United States v.

R. 47.5.4.

Mejia-Huerta, 480 F.3d 713, 721 (5th Cir. 2007). Thus, the court was not compelled to give notice that it intended to impose an above-guidelines sentence or to consider the criteria for the departures described in the Guidelines and committed no error. See id. at 722-23. The reference to "departures" is the statement of reasons appears to be an inadvertent error, given that the section used to describe the sentence is the one used for variances, not departures.

In their reply brief, Krasnov and Zadorozhnyi argue for the first time that the district court committed procedural error by failing to provide sufficient reasons to justify the sentences. Issues raised for the first time in a reply brief are abandoned; thus, we decline to consider the procedural reasonableness of the sentences. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). In any event, the district court addressed the reasons for the sentence sufficiently for us to review them.

By objecting at sentencing, Krasnov and Zadorozhnyi have preserved the issue of the substantive reasonableness of their sentences. We review a sentence for reasonableness under an abuse of discretion standard, taking into account the totality of the circumstances. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Mondragon-Santiago, 564 F.3d 357, 360 (5th Cir. 2009). Where, as here, the district court varies upward from the guidelines range, we must determine whether the sentence "unreasonably fails to reflect" the § 3553(a) sentencing factors. United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006).

Krasnov and Zadorozhnyi take issue with the district court's rationale for imposing their sentences, contending that it took into account purportedly improper factors, failed to account for their minor roles in the offense and the need to avoid unwarranted sentencing disparities, placed too much emphasis on the need for deterrence, and held them accountable for larger losses than they caused. Although the sentences imposed by the district court were substantially higher than the advisory guidelines ranges, the district court was in the best

position to judge Krasnov and Zadorozhnyi and their circumstances, and the reasons given by the district court sufficiently support the sentences. See United States v. Williams, 517 F.3d 801, 812-13 (5th Cir. 2008). The court engaged in a thorough discussion, showing that it had carefully examined the record. It tied the reasons for its sentences to specific, relevant facts, including the nature and circumstances of the offense—specifically the seriousness of the crime and the impact that it had on the victim—the need for deterrence, and the circumstances of the defendants. The court specifically accounted for the defendants' youth and minor roles in the overall criminal scheme. It considered no improper factors. The court made an individualized assessment and was free to conclude, as it did, that in Krasnov and Zadorozhnyi's cases, the guidelines ranges gave insufficient weight to some of the sentencing factors. See § 3553(a); Williams, 517 F.3d at 809. Krasnov and Zadorozhnyi have not shown that the court failed to take into account a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. See Smith, 440 F.3d at 708.

Finally Krasnov and Zadorozhnyi contend that their trial attorneys rendered ineffective assistance. However, we generally do not consider ineffective assistance claims on direct appeal, and the record is not sufficiently developed for us to address them here. See United States v. Cantwell, 470 F.3d 1087, 1091 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.