# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 29, 2013

Lyle W. Cayce
Clerk

No. 12-30845
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON SIMON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-146-12

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jason Simon appeals the 360-month above-guidelines sentence imposed following his guilty plea to conspiracy to advertise the distribution of child pornography. He contends that his sentence is substantively unreasonable.

We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. McElwee*, 646 F.3d 328, 337 (5th Cir. 2011). Simon preserved review of the substantive reasonableness of his sentence but did not raise in the district court all of the specific arguments that he now raises. We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

do not resolve the appropriate standard of review because Simon's arguments fail under either standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Simon argues that the district court did not properly weigh factors such as his minor role in the conspiracy and his history and characteristics and that these factors warranted a less severe sentence. However, these factors were proffered in his sentencing arguments and in the presentence report (PSR). The district court, which was in a superior position to find facts and assess their import under 18 U.S.C. § 3553(a), considered these factors and concluded that a non-guidelines sentence was proper. Simon's disagreement with the district court's assessment of these factors does not show that his sentence is unreasonable. *See United States v. Gutierrez*, 635 F.3d 148, 154 (5th Cir. 2011).

According to Simon, the district court did not account for the avoidance of unwarranted sentencing disparities among defendants. While the district court must seek to avoid "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), the court need not avoid disparities that are "warranted," *United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 (5th Cir. 2008), or are between codefendants who are not similarly situated. *United States v. Stalnaker*, 571 F.3d 428, 441-42 (5th Cir. 2009). Simon's argument is based solely on the fact that other defendants named in his indictment received less severe sentences. Because he has alleged no information about these codefendants to demonstrate that any sentencing disparity was unwarranted, he has not shown that the district court failed to comply with § 3553(a)(6). *See Id.; United States v. Sanchez-Ramirez*, 497 F.3d 531, 535 n.4 (5th Cir. 2007).

Further, the record does not support Simon's claim that the district court gave overly significant weight to an improper factor, namely, unadjudicated criminal conduct delineated in Simon's PSR and in the Government's sentencing memorandum. The details of Simon's other criminal conduct were set forth in

reliable sources – offense and arrest reports summarized in the PSR and Simon's post-arrest admissions, which were delineated in the Government's sentencing memorandum. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009); *United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010)*; see also United States v. Harris*, 702 F.3d 226, 229-31 (5th Cir. 2012) (noting conditions under which district court may consider record of prior arrests at sentencing), *cert. denied*, 81 U.S.L.W. 3580 (U.S. Apr. 15, 2013) (No. 12-9202). Because Simon did not object to the depiction of his criminal conduct or offer rebuttal evidence to show that this information was false, inaccurate, or unreliable, he has not shown that the district court was not entitled to consider it in determining his sentence. *See United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998).

The record supports that the district court engaged in detailed discussion of the specific facts that it considered in balancing the § 3553(a) factors and did not fail to take into account a factor that should have received significant weight, give significant weight to an irrelevant or improper factor, or make a clear error in balancing the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Although the extent of the deviation from the 210 to 262 month guideline range was significant, it was commensurate with the case-specific reasons given by the district court, *see McElwee*, 646 F.3d at 338, and was not more excessive than other deviations that this court has affirmed. *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010) (affirming a 216-month sentence when the applicable guidelines range was 46 to 57 months); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008) (affirming concurrent terms of 120 months and 180 months of imprisonment from a range of 41 to 51 months).

Accordingly, the district court did not abuse its discretion or plainly err in determining Simon's sentence. The judgment of the district court is therefore AFFIRMED.