# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2011

No. 10-40068

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOSE MANUEL GUTIERREZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, WIENER, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Jose Manuel Gutierrez appeals his sentence after pleading guilty to escape from a halfway house, his second violation of 18 U.S.C. § 751(a). He contends that his sentence is procedurally unreasonable because the district court did not consider a departure pursuant to § 4A1.3 of the United States Sentencing Guidelines before imposing a non-Guidelines sentence and that the district court did not adequately explain the reasons for the sentence imposed. He further argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the goals of sentencing. We affirm.

No. 10-40068

**I**

Gutierrez pled guilty to transporting illegal aliens and was sentenced to 41 months of imprisonment. After serving much of that sentence, Gutierrez was released to a halfway house. He escaped nine days later, only to be arrested, ordered to complete his unserved time, and sentenced to an additional 15 months of imprisonment. Released again to a halfway house, he escaped once more, but was again arrested and pled guilty to escape, in violation of 18 U.S.C. § 751(a).

Gutierrez's advisory Guidelines sentencing range for his second escape conviction was 15 to 21 months of imprisonment. He requested that the court impose a 15-month sentence, in light of his two serious health conditions and drug addiction. The Government did not request a sentence outside of the Guidelines. The court noted Gutierrez's health issues and drug and alcohol abuse but determined that the Guidelines range was not "in any way, shape, or form appropriate." The court explained that it had significant concerns due to Gutierrez's criminal history, noting convictions for theft, drug trafficking, and transporting illegal aliens. The court emphasized Gutierrez's 1998 conviction for transporting undocumented aliens, his twice-revoked supervised release in connection with that conviction, and his subsequent conviction for once again transporting undocumented aliens in 2005. The court also discussed at length Gutierrez's inability to complete his term of confinement at a halfway house, even given what the court saw as a highly unusual second opportunity to serve part of his sentence in such an institution. Citing the need to promote respect for the law, provide just punishment for the offense, deter further criminal conduct, and protect the public from harm, the court imposed a 50-month sentence of imprisonment.

Gutierrez objected that the sentence was unreasonable based on the 18 U.S.C. § 3553(a) factors, and that due to his health problems, the sentence

2

No. 10-40068

imposed could be a "life sentence." Gutierrez also objected that the court failed to explain adequately its reasons for imposing a sentence beyond the Guidelines range. The court responded that it had considered the § 3553(a) factors, as well as Gutierrez's medical condition as reflected in the PSR, which stated that Gutierrez had Hepatitis C and a "life threatening disease." The court disagreed that the sentence was a life sentence, noting it had no information that Gutierrez's life expectancy was less than five years. Gutierrez's counsel approached the bench and explained in more detail the nature of Gutierrez's illness. The court expressed its awareness of the disease afflicting Gutierrez and again stated that it had no information concerning life expectancy. The court declined to reduce the sentence it had selected, and this appeal followed.

## II

We first address Gutierrez's argument that the district court was required to calculate a departure under § 4A1.3(a) of the Guidelines before it imposed a non-Guidelines sentence. "This court recognizes three types of sentences: (1) 'a sentence within a properly calculated Guidelines range'; (2) 'a sentence that includes an upward or downward departure as allowed by the Guidelines'; and (3) 'a non-Guideline sentence' . . . that is outside of the relevant Guidelines range."[1] The 50-month sentence imposed by the district court was a non-Guidelines sentence. The district court could have considered imposing an upward departure within the Guidelines by applying the policy statement in §4A1.3 and determining whether Gutierrez's "criminal history category substantially under-represent[ed] the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes."[2] If the court found that an upward departure was warranted, the court could then have determined the

---

[1] *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (quoting *United States v. Smith*, 440 F.3d 704, 706-08 (5th Cir. 2006)).

[2] U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 4A1.3(a)(1) (2008).

extent of the upward departure in accordance with § 4A1.3(a)(4).  A sentence so derived would be "a sentence that includes an upward . . . departure as allowed by the Guidelines."[3]  The district court did not perform such a calculation.  It instead imposed a non-Guidelines sentence, as we have noted.  Gutierrez contends that this was significant procedural error because, he asserts, a district court must first properly calculate the advisory Guidelines range, including the application of § 4A1.3(a), before it may impose a non-Guidelines sentence.  In other words, he argues that in complying with the Supreme Court's directive in *Gall*[4] that a district court must properly calculate and consider the applicable advisory Guidelines range, a district court must calculate any appropriate departure under § 4A1.3.

Gutierrez did not assert this argument in the district court.  He objected to other procedural aspects of his sentence, but that is not sufficient to preserve error with regard to his contentions concerning § 4A1.3.  "A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review."[5]  Because the district court could not have understood from Gutierrez's objection that he wanted the court to consider the departure policy statement set forth in § 4A1.3, we review that contention for plain error only.[6]

We note initially that it is not clear that the district court failed to consider § 4A1.3.  The PSR expressly asserted that it might be appropriate to apply

---

[3] *Brantley*, 537 F.3d at 349 (internal quotation marks omitted).

[4] *Gall v. United States*, 552 U.S. 38, 49-50 (2007).

[5] *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (internal citations and quotation marks omitted).

[6] *See id.* (applying a plain error standard of review to a procedural reasonableness challenge because "[a] district court hearing an objection that a sentence is 'greater than necessary' would not know from those words that the defendant wanted further explanation of the sentence").

No. 10-40068

§ 4A1.3 and upwardly depart, and the district court stated at sentencing that it had considered all of the information in the PSR. To the extent that the district court did not actually perform a calculation of an upward departure based on § 4A1.3, however, it did not err, let alone plainly err. In *United States v. Mejia-Huerta*, we held that a district court is not required to employ the methodology set forth in § 4A1.3 before imposing a non-Guidelines sentence.[7]

Gutierrez acknowledges *Mejia-Huerta*'s holding but argues that our earlier decision in *United States v. Smith*[8] controls. In *Smith*, we "agree[d] with the framework articulated by the Eighth Circuit" in *United States v. Haack*[9] for "assessing the reasonableness of a court's statutory support" for imposing a non-Guidelines sentence.[10] We cited *Haack* only with regard to its three-part test for determining whether a non-Guidelines sentence is reasonable.[11] We did not adopt or approve of *Haack*'s directive that a district court should decide whether a departure under § 4A1.3 is appropriate in order to derive an applicable "guidelines sentence" before considering "whether to impose the sentence under the guidelines or a non-guidelines sentence."[12] In *Smith*, we determined only whether the non-Guidelines sentence at issue was reasonable, not whether the district court was required to perform a calculation of a departure under § 4A1.3.[13] Indeed, our opinion in *Smith* expressly stated that "we do not examine whether an upward departure or an enhancement was available under the

---

[7] 480 F.3d 713, 723 (5th Cir. 2007).

[8] 440 F.3d 704 (5th Cir. 2006).

[9] 403 F.3d 997 (8th Cir. 2005).

[10] *Smith*, 440 F.3d at 708.

[11] *Id.* (citing *Haack*, 403 F.3d at 1004).

[12] *Haack*, 403 F.3d at 1003.

[13] *Smith*, 440 F.3d at 706.

Guidelines."[14]  We held in *Smith* that the district court "properly followed the procedure for imposing a non-Guideline sentence," notwithstanding the lack of a determination under § 4A1.3(a).[15]  Our decision in *Mejia-Huerta* is entirely consistent with *Smith*.

We more recently held in *United States v. Gutierrez-Hernandez*[16] that a district court had erred when it misapplied the departure methodology in § 4A1.3 in calculating a departure under that provision of the Guidelines.[17]  The decision in *Gutierrez-Hernandez* speaks to how a district court must apply § 4A1.3 when it chooses to depart under the Guidelines, not whether it must consider § 4A1.3 before selecting a non-Guidelines sentence.  The opinion in *Gutierrez-Hernandez* did cite, in a footnote, the Sixth Circuit's statement that "'the appropriate Guideline range–including Guideline departures–must still be considered. . . . This Guideline sentence is then considered in the context of the section 3553(a) factors.'"[18]  To the extent that this citation in *Gutierrez-Hernandez* could arguably be construed to require a district court to apply the Guidelines' departure methodology before imposing a non-Guidelines sentence, this passage in *Gutierrez-Hernandez* is dicta.  Our earlier precedent in *Mejia-Huerta* controls.[19]

---

[14] *Id.* at 708 n.3.

[15] *Id.* at 708.

[16] 581 F.3d 251 (5th Cir. 2009).

[17] *Id.* at 255-56.

[18] *Id.* at 256 n.16 (citing *United States v. McBride*, 434 F.3d 470, 477 (6th Cir. 2006)).

[19] *Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 542 (5th Cir. 2007) ("When there are conflicting panel decisions, the earliest panel decision controls.").

No. 10-40068

Gutierrez additionally points to this court's en banc decision in *United States v. Lambert*[20] for the proposition that "a district court must evaluate each successive criminal history category above or below the guideline range for a defendant as it determines the proper extent of departure" under § 4A1.3.[21] Of course, that decision predated the Supreme Court's seminal decision in *United States v. Booker*,[22] and was decided when the Guidelines were mandatory. A non-Guidelines sentence was unavailable. Our decision in *Lambert* did not consider whether the calculation described must occur under § 4A1.3 before a district court may impose a non-Guidelines sentence. That simply was not at issue in *Lambert*.

The district court did not plainly err in failing to calculate an upward departure using the methodology set forth in § 4A1.3 of the Guidelines prior to imposing a non-Guidelines sentence.

## III

Gutierrez did preserve his argument that the district court failed to state adequately its reasons for imposing a non-Guidelines sentence. Congress requires the sentencing court to state "the reasons for its imposition of the particular sentence."[23] If the district court "decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."[24] "[A] major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, [the

---

[20] 984 F.2d 658 (5th Cir. 1993) (en banc).

[21] *Id.* at 662.

[22] 543 U.S. 220 (2005).

[23] 18 U.S.C. § 3553(c).

[24] *Gall v. United States*, 552 U.S. 38, 50 (2007).

court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."[25]

The district court's explanation for the sentence in this case was sufficient to permit meaningful appellate review.  The court stated that it had considered Gutierrez's drug abuse and impaired health, and then engaged in a lengthy examination of Gutierrez's criminal history, including his inability to abide by the terms of supervised release and his repeated escapes.  The court also cited a variety of other § 3553(a) factors, including the need to promote respect for the law, provide just punishment for the offense, deter further criminal conduct, and protect the public from harm.  Moreover, after Gutierrez objected that the court did not properly take into account his serious health condition, the court responded that it had taken into account Gutierrez's health problems in applying the § 3553(a) factors.  The court engaged in an extended colloquy with defense counsel.  Gutierrez's disagreement is with the length of the sentence itself, not the explanation for the court's decision to impose a 50-month term of imprisonment.

## IV

Finally, Gutierrez argues that his sentence is substantively unreasonable because the district court failed to give significant weight to his health issues and long-term drug addiction.  Because he properly preserved these complaints below, our review is for an abuse of discretion.[26]  Ultimately our review of a sentence is for reasonableness.[27]  We must take into account "'the totality of the circumstances, including the extent of any variance from the Guidelines

---

[25] *Id.*; *see also Rita v. United States*, 551 U.S. 338, 357 (2007).

[26] *Gall*, 552 U.S. at 51.

[27] *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (citing *Gall*, 552 U.S. at 46, 51).

No. 10-40068

range.'"[28] We owe deference, however, "to the district court's determination of the appropriate sentence based on the § 3553(a) factors and may not reverse the district court's ruling just because [we] would have determined that an alternative sentence was appropriate."[29] A sentence is unreasonable when it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.[30]

When reviewing the appropriate balancing of the § 3553(a) factors, we are mindful that "[t]he sentencing judge is in a superior position to find facts and judge their import" in the individual case.[31] A district court is in a position to hear the evidence, make credibility determinations, and gain insights not conveyed by the record.[32] We also recognize that "'district courts have an institutional advantage over appellate courts in making these sorts of determinations, especially as they see so many more Guidelines sentences than appellate courts do.'"[33]

The district court did not abuse its discretion in balancing the factors set forth in § 3553(a) with its consideration of Gutierrez's ill health and drug abuse. The district court's selection of 50 months of imprisonment was not unreasonable. The top of Gutierrez's advisory Guidelines sentence was 21

---

[28] *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (quoting *Gall,* 552 U.S. at 51).

[29] *Id.* (citing *Gall*, 552 U.S. at 51).

[30] *United States v. Smith,* 440 F.3d 704, 708 (5th Cir. 2006) (citing *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005)).

[31] *Gall*, 552 U.S. at 51.

[32] *See United States v. Williams*, 517 F.3d 801, 812 (5th Cir. 2008) (citing *Gall*, 552 U.S. at 51).

[33] *Gall*, 552 U.S. at 52 (citing *Koon v. United States*, 518 U.S. 81, 98 (1996)).

months, and the 29-month difference between that period of confinement and the sentence imposed is well within the range of upward departures that we have previously upheld.[34]   The district court was not unreasonable in determining that, even taking into account Gutierrez's health issues and drug abuse, a 50-month sentence was necessary to achieve the goals of sentencing, especially in light of Gutierrez's persistent inability to abide by the law or terms of supervised release and his propensity to escape from confinement.

* * *

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

---

[34] *See, e.g.*, *Brantley*, 537 F.3d at 348, 350 (finding no plain error in the imposition of a 180-month sentence where the top of the advisory range was 51 months); *Williams*, 517 F.3d at 806, 813 (upholding a 172-month sentence where the top of the advisory range was 97 months); *Smith*, 417 F.3d at 492-93 (upholding a 120-month sentence when the top of the advisory range was 41 months).