# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2013

Lyle W. Cayce
Clerk

No. 12-40594
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELOY HERNANDEZ-BELTRAN, also known as Eloy Hernandez-Zepeda,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-1214-2

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eloy Hernandez-Beltran (Hernandez) pleaded guilty to conspiracy to transport unlawful aliens within the United States, in violation of 8 U.S.C. § 1324. The district court found that the seriousness of Hernandez's criminal history and the likelihood that he would commit other crimes was substantially underrepresented by his criminal history category as calculated in the presentence report (PSR). Thus, pursuant to U.S.S.G. § 4A1.3, the district court departed upward from the advisory guidelines imprisonment range of 21 to 27

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months and sentenced Hernandez to 40 months of imprisonment and a three-year term of supervised release.  Hernandez filed a timely notice of appeal.

Pertinent to this appeal, the PSR recited allegations made by one of the female aliens being transported in this case that Hernandez had tried to rape her and that she was able to fend him off because he was drunk.  In the sole issue presented for review, Hernandez argues that the district court impermissibly considered that attempted-rape allegation in deciding to depart upward and in selecting his sentence because it was undetailed and uncorroborated.  He concedes that, because he did not raise this issue in the district court, review is only for plain error.  *See United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011).  Under that standard, Hernandez must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

In deciding to depart upward, the district court considered the number and nature of Hernandez's prior, unscored convictions as well as the lack of respect he has demonstrated for the laws of this country.  Hernandez does not argue that these factors were improperly considered or that there was insufficient reliable evidence to support the district court's consideration of those factors.

Even if the district court erred in considering the attempted-rape allegation, relief is not warranted unless Hernandez can show that the error affected his substantial rights.  *See id.* He has not made this showing.  He points to nothing in the record to support his conclusional assertion that there is a reasonable probability that, but for the district court's error, he would have received a lower sentence.  *See United States v. Davis*, 602 F.3d 643, 647 (2010).  Similarly, Hernandez's conclusional assertions with respect to the extent of the district court's 13-month departure do not demonstrate reversible plain error.  *See Puckett*, 556 U.S. at 135.

No. 12-40594

AFFIRMED.