# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50415
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS GARCIA-LIMON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:12-CR-564-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Luis Garcia-Limon (Garcia) appeals the sentence imposed following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326.  He contends that the 60-month sentence, which represented an upward variance from the applicable guidelines range, was substantively unreasonable, urging that the district court did not appropriately account for his mitigation evidence, impermissibly gave significant weight to his prior conviction for intoxication

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50415

manslaughter, and relied on an improper factor, specifically, the personal history and characteristics of the police officer killed as a result of his prior offense, as outlined in a letter submitted to the court from the Chief of the San Antonio Police Department (SAPD). Garcia thus asserts that the district court committed a clear error of judgment in balancing the sentencing factors.

We need not decide whether Garcia properly preserved these arguments because they fail even under the more lenient abuse-of-discretion standard. *See United States v. Becerril-Pena*, 714 F.3d 347, 349 n.4 (5th Cir. 2013). The record confirms that the district court considered Garcia's mitigation arguments, and the district court was permitted to consider his criminal history, including his intoxication manslaughter conviction, as well as the fact that he committed the instant offense within a year of completing the resulting 10-year sentence, in fashioning an appropriate sentence in the instant case. 18 U.S.C. § 3553(a).

Contrary to Garcia's argument, the record does not show that the court relied on the letter submitted by the SAPD Chief when imposing sentence. Moreover, even if it is assumed that the district court took the letter into consideration, Garcia provides no authority for the proposition that such consideration was improper. *See* § 3553(a).

The district court considered the relevant facts and determined that an upward variance was warranted; the district court has the discretion to assess the importance of the various factors at sentencing, and we will not reweigh those factors or reexamine their relative import. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011); *Gall v. United States*, 552 U.S. 38, 51 (2007). Garcia's disagreement with the district court's assessment of the factors does not show that his sentence was substantively unreasonable. *See United States v. Gutierrez*, 635 F.3d 148, 154 (5th Cir. 2001).

No. 13-50415

Accordingly, the judgment of the district court is AFFIRMED.