# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10144
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT JADE LOPEZ-PARKER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:12-CR-45-1

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Jade Lopez-Parker appeals his conviction for failing to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA), in violation of 18 U.S.C. § 2250(a), and the above-guidelines sentence of 46 months of imprisonment he received as a result. He challenges his conviction on the ground that the district court improperly instructed the jury in defining the term "resides" within the meaning of SORNA, and he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenges the sentence imposed as both procedurally and substantively unreasonable.

Regarding the court's charge, Lopez-Parker contends that the district court improperly mixed federal and Texas law and gave an overly restrictive definition of the term "resides" by relying on Texas law. We need not decide whether the district court's instruction in the instant case was error because, even if error is assumed, it was harmless given the overwhelming evidence that Lopez-Parker had moved to and "resided" in Texas under any plausible alternative definition. *See United States v. Montgomery*, 747 F.3d 303, 310-11 (5th Cir. 2014).

Similarly unavailing is Lopez-Parker's challenge to the district court's assessment of a two-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. He argues that the district court erred in basing the enhancement on his recorded phone calls to his wife, urging that the nature of the conversation was misconstrued and denying having threatened or intimidated her.

The district court based the obstruction enhancement on three separate grounds, and Lopez-Parker has abandoned by failing to brief any challenge to two other grounds upon which the district court based the enhancement. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010). Moreover, to the extent that the enhancement was based on Lopez-Parker's phone conversations with his wife, the district court's implicit finding that Lopez-Parker intimidated or threatened her was not clearly erroneous. *See* § 3C1.1, comment.(n.4(A)); *see also United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006); *United States v. Martinez*, 263 F.3d 436, 441 (5th Cir. 2001).

For the first time, Lopez-Parker next argues that the district court failed adequately to explain the reasons for its upward variance. The district court,

No. 13-10144

however, provided adequate, fact-specific reasons for the chosen sentence, stating that a variant sentence of 46 months was warranted based on the 18 U.S.C. § 3553(a) factors, including Lopez-Parker's recalcitrance and his "complete disregard" for the sexual offender registration obligation, citing his long history of failing to register, his use of false addresses, and his two prior arrests for failing to register which had not been prosecuted, all of which indicated a high likelihood of recidivism and thwarted the public protection intended to result from SORNA's registration requirement. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Although Lopez-Parker contends that his sentence is substantively unreasonable, he does not identify any factor which should have but did not receive significant weight, does not identify any irrelevant or improper factor which was given disproportionate weight, and does not assert that the district court committed a clear error of judgment in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Lopez-Parker essentially requests that this court reexamine the district court's assessment of the § 3553(a) factors, which this court will not do. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011); *Gall v. United States*, 552 U.S. 38, 51 (2007). His disagreement with the district court's assessment of the § 3553(a) factors does not show that his sentence was substantively unreasonable. *See United States v. Gutierrez*, 635 F.3d 148, 154 (5th Cir. 2001).

Accordingly, the district court's judgment is AFFIRMED.