# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60649
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TENNIE WHITE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CR-126-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Tennie White appeals the non-Guidelines sentence imposed following her conviction of two counts of making false statements and one count of obstructing a proceeding, in violation of 18 U.S.C. §§ 1001 and 1505. The district court considered the sentencing factors set forth in 18 U.S.C. § 3553(a), including the advisory guidelines range of 15 to 21 months of imprisonment,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60649

decided not to sentence White under the Sentencing Guidelines, and sentenced her to 40 months in prison, to be followed by three years of supervised release.

White argues that the district court procedurally erred by not applying the Guidelines to determine whether to depart from the Sentencing Guidelines and by not applying U.S.S.G. § 4A1.3, p.s., to determine the extent of its upward departure. As she concedes, because she did not raise this argument in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (iterating the four-part plain error test).

The district court is not required to apply § 4A1.3 before imposing a non-Guidelines sentence, as here. *United States v. Gutierrez*, 635 F.3d 148, 151-53 (5th Cir. 2011); *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007). Accordingly, the district court did not err by failing to apply § 4A1.3.

White contends that the sentence is substantively unreasonable because the district court gave significant weight to irrelevant uncharged conduct. "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it . . . gives significant weight to an irrelevant or improper factor . . . ." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). White has not shown that the conduct relied upon by the district court was an irrelevant or improper sentencing factor. *See* 18 U.S.C. §§ 3553(a), 3661. Moreover, the district court could adopt the facts contained in the presentence report (PSR) because they bore "a sufficient indicia of reliability" and White did "not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002).

AFFIRMED.