# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31324
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARIN FIELDS, also known as Yabba Yabba,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-23-6

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Darin Fields appeals the 151-month within-guidelines sentence he received following his guilty plea to conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base. Specifically, he argues that the district court abused its discretion by denying his motion for a downward variance. Fields argues that although he was properly characterized as a career offender, one of the predicate offenses, a 2003 conviction for possession

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31324

with intent to distribute marijuana, involved a small amount of the drug and did not involve an attempt by Fields to sell.  He thus contends that in light of the facts underlying the predicate offense, the court should not have applied the career offender enhancement.  In addition, Fields maintains that the statements made by the district court at sentencing reflect that the court incorrectly believed it lacked a legal basis for imposing a downward variance.

We review sentences for substantive reasonableness, in light of the 18 U.S.C. § 3553(a) factors, under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  Fields has not demonstrated that the district court abused its discretion by sentencing him to a within-guidelines sentence of 151 months in prison.  *See id*, at 51.  The district court's statements at sentencing reflect that the district court considered Fields's arguments in favor of a lower sentence and relied upon them to impose a sentence at the bottom of the guidelines range rather than at the top.  However, the court indicated that Fields's lengthy criminal history and the need for deterrence outweighed the facts underlying the predicate offense.  *See* § 3553(a)(1), (2)(B).  When read in context, the district court's statement about not seeing a "legal basis" for sentencing Fields below the guidelines range reflects the court's conclusion that a variance was not warranted in this case.

Fields's within-guidelines sentence is presumptively reasonable.  *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012).  He has not shown that the district court considered any irrelevant or improper factors, that it made an error in judgment in weighing the § 3553(a) factors, or that it did not account for a factor that should have received significant weight.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Fields's disagreement with the weight the district court afforded his arguments in favor of a variance does not render his sentence unreasonable.  *See United States v. Gutierrez*, 635 F.3d

No. 14-31324

148, 154-55 (5th Cir. 2011).  Consequently, the judgment of the district court is AFFIRMED.