[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  15-10163
_____

D.C. Docket No. 9:14-cr-80156-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

CANDIDO ARMENTA-MENDOZA,
a.k.a. Guillermo Salgado,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2016)

Before WILSON and JULIE CARNES, Circuit Judges, and HALL,[*] District
Judge.

PER CURIAM:

Defendant pleaded guilty to illegally reentering the United States as a

_____

[*] Honorable James Randal Hall, United States District Judge for the Southern District of
Georgia, sitting by designation.

previously deported alien in violation of 8 U.S.C. § 1326(a).  The Presentence Investigation Report yielded a Guidelines range of 8 to 14 months.  After considering the factors set out in 28 U.S.C. § 3553(a), the district court varied upward, sentencing Defendant to 36 months' imprisonment, followed by two years of supervised release.  Defendant appeals his above-Guidelines sentence as both procedurally and substantively unreasonable.  We find no reversible error and therefore affirm Defendant's sentence.

## I.  DISCUSSION

A defendant appealing his sentence bears the burden of showing that the sentence is unreasonable.  *United States v. Carpenter*, 803 F.3d 1224, 1232 (11th Cir. 2015).  We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  We assess the reasonableness of a sentence in two steps.  "First, we look at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  Second, "we examine whether the sentence is substantively unreasonable under the totality of the circumstances and

in light of the § 3553(a) factors." *Id.* Ultimately, we may vacate a sentence based on a variance "only 'if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

**A. Procedural Unreasonableness**

A sentencing judge commits no procedural error when he "correctly calculate[s] the applicable Guidelines range, allow[s] both parties to present arguments as to what they believe[] the appropriate sentence should be, consider[s] all the § 3553(a) factors, and thoroughly document[s] his reasoning." *Gall*, 552 U.S. at 53; *accord United States v. Irey*, 612 F.3d 1160, 1185–87 (11th Cir. 2010) (en banc). Defendant does not argue that the sentencing judge in this case incorrectly calculated the Guidelines range, refused to allow the parties to fully argue their position as to the appropriate sentence, failed to consider the § 3553(a) factors, or neglected to set out his reasoning.

Instead, Defendant contends that the district court erred procedurally when it upwardly varied on a particular ground without first considering whether an upward departure would have been warranted in lieu of, or in addition to, an upward variance. Specifically, in reaching its decision to upwardly vary and in

3

fixing the amount of that variance, the district court considered, among other things, Defendant's prior drug-trafficking conviction involving 4.1 kilograms of cocaine.[1]  Defendant argues that by not first considering an upward departure under U.S.S.G. § 4A1.3 (1),[2] the district court "circumvented the required steps of [G]uidelines calculation" and committed a procedural error.  We disagree.

At bottom, Defendant is arguing that when a particular fact is recognized under the Guidelines as a permissible ground for departure, a sentencing court must first go through a departure analysis before considering whether to vary on that particular ground.  Defendant cites no persuasive case authority for this position, however.  In a case addressing an analogous issue, we held that a district court need not consider a Guidelines enhancement for multiple victims before it is allowed to impose an upward variance based on the impact of the defendant's crime on multiple victims.  *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010) (rejecting the defendant's argument that "the district court should not have considered that there were multiple victims in its decision to vary upward because an enhancement under [§] 2B1.1(b)(2)(A) of the sentencing guidelines was the 'proper mechanism' for considering multiple victims").  Moreover,

---

[1] This was not Defendant's only prior conviction.  The Presentence Investigation Report also shows two convictions for driving under the influence and one for driving while license suspended.

[2] U.S.S.G. § 4A1.3(a)(1) permits an upward departure when a defendant's criminal history category substantially underrepresents the seriousness of his criminal history or the likelihood that he will commit other crimes.

4

although not binding on us, other courts of appeals have held that nothing requires a district court to consider or impose a departure under § 4A1.3 based on a defendant's criminal history before varying from the Guidelines pursuant to § 3553(a) based on that history. *See United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011) ("[A] district court is not required to employ the methodology set forth in § 4A1.3 before imposing a non-Guidelines sentence."); *United States v. Diosdado-Star*, 630 F.3d 359, 362–66 (4th Cir. 2011) (rejecting the defendant's argument that "the district court procedurally erred by failing to 'first address[] a departure before imposing a purportedly non-guidelines sentence'").

Likewise, we conclude that the district court here did not commit a procedural error when it considered Defendant's prior criminal conduct in its assessment of the § 3553(a) factors and ultimate decision to upwardly vary. That the district court did not explore whether it should also upwardly depart under § 4A1.3, in lieu of or in addition to its variance, does not alter our conclusion that no procedural error occurred. Accordingly, we reject Defendant's argument that his sentence was procedurally unreasonable.

### B. Substantive Unreasonableness

As for substantive unreasonableness, Defendant argues that the district court impermissibly "fixat[ed] on a single negative factor": specifically, Defendant's criminal history and the amount of cocaine that he had previously trafficked.

5

Defendant's assertion that the court focused on only the above factor is belied by the transcript from the sentencing hearing.  The court acknowledged that it was "obligated to look at [§ 3553(a)]" and that "Congress has set forth *a list of factors that need to be considered* in determining what would be an appropriate sentence." (emphasis added).  The court further confirmed, "I have looked at *all of the factors* in Title 18, Section 3553(a), and it is my view that a sentence above the advisory guideline range is required."  (emphasis added).

Moreover, the district court expressly considered multiple § 3553(a) factors, including the nature and circumstances of the offense, the need to protect the public, the need to deter Defendant and others from reentering the country illegally, and Defendant's character and criminal history.  In considering Defendant's character, the court specifically acknowledged that Defendant had been a "family man" and that the United States was the only home that Defendant knew.  Thus, to the extent that the district court expressed concern about Defendant's prior drug-trafficking conviction, its focus was not "single-minded[]." *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006); *see also United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) ("Although the district court must evaluate all § 3553(a) factors in imposing a sentence, it is 'permitted to attach great weight to one factor over others.'"  (quoting *Shaw*, 560 F.3d at 1237)).

6

Consequently, we are left with no "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" when it imposed a 36-month sentence.  *Shaw*, 560 F.3d at 1238. Defendant's sentence is therefore not substantively unreasonable.

## II.  CONCLUSION

Because we conclude that Defendant's sentence is both procedurally and substantively reasonable, we **AFFIRM**.