# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41293
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER SANCHEZ-RAMOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-634-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Javier Sanchez-Ramos appeals the 75-month above-guideline sentence that the district court imposed when he pleaded guilty to being found in the United States after having previously been deported. Sanchez-Ramos argues that his sentence is substantively unreasonable because the district court made a clear error in judgment when it balanced the 18 U.S.C. § 3553(a) sentencing factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41293

We ordinarily consider a challenge to the substantive reasonableness of a sentence "by examining the totality of the circumstances under an abuse of discretion standard." *United States v. Diaz Sanchez*, 714 F.3d 289, 295 (5th Cir. 2013). When an error was not sufficiently preserved in the district court, however, we review for plain error only. *See United States v. Ellis*, 720 F.3d 220, 224-25 (5th Cir. 2013). The parties dispute which standard applies, but we need not resolve that issue.

Despite Sanchez-Ramos's assertions, there is no indication in the record that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error in judgment in balancing the sentencing factors. *See United States v. Fraga*, 704 F.3d 432, 440-41 (5th Cir. 2013); *Diaz Sanchez*, 714 F.3d at 295. Although the court referred to the fact that his most recent conviction did not garner an enhancement, that was one of several aspects of Sanchez-Ramos's criminal history that the court considered. Furthermore, the extent of any deviation was within the range of other sentences that we have affirmed. *See United States v. Gutierrez*, 635 F.3d 148, 155 n.34 (5th Cir. 2011) (collecting cases). Sanchez-Ramos has not demonstrated that the district court committed any error, plain or otherwise. *See Fraga*, 704 F.3d 432, 440-41. Accordingly, the judgment of the district court is AFFIRMED.