# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10779
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WINDELL JOE BRIGGS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-19-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Windell Joe Briggs pleaded guilty to possession of stolen mail in violation of 18 U.S.C. § 1708 and was sentenced to 40 months of imprisonment. Briggs argues that the district court's sentence of 40 months, above his advisory guidelines range of 15 to 21 months, was substantively unreasonable. He asserts that the district court gave significant weight to an improper ground and that the sentence imposed represents a clear error of judgment in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10779

balancing the sentencing factors.  Briggs maintains that it was improper for the district court to impose a variance based on his criminal history because his criminal history did not meet the criteria for a guideline departure under U.S.S.G. § 4A1.3.  He further maintains that the sentence is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. §3553(a).

This court generally reviews the substantive reasonableness of a sentence for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The Government argues that Briggs did not raise before the district court the specific challenges he now raises on appeal.  However, we need not determine whether plain error review is appropriate because Brigg's arguments fail even under an abuse-of-discretion standard of review.

The district court imposed an upward variance based on the sentencing factors listed in § 3553(a).  Contrary to Briggs's suggestion, in imposing a variance, a district court is not required to follow the methodology § 4A1.3 prescribes for departures.  *United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011).  And the court's consideration of the failure of Briggs's criminal history score to reflect his criminal history was not an improper consideration and does not demonstrate a clear error of judgment in balancing the sentencing factors.  *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006) ("A defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline sentence.").  The district court's statement of its reasons outlining Brigg's substantial criminal history supports the imposition of a 40-month sentence.

AFFIRMED.

2