# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40349
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL PENA-SANCHEZ, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-1048-1

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Raul Pena-Sanchez, Jr., pleaded guilty to violating 18 U.S.C. § 554(a) by exporting ammunition from the United States to Mexico. The district court calculated an advisory sentencing guidelines range of 46 to 57 months but sentenced Pena-Sanchez to 70 months of imprisonment. He now appeals his sentence, and we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40349

This court recognizes three types of sentences: (1) a sentence within the guidelines range, (2) an upward or downward departure authorized by the Sentencing Guidelines, and (3) a non-guidelines sentence, or variance, that is outside the guidelines range. *See United States v. Smith*, 440 F.3d 704, 706-07 (5th Cir. 2006). Here, the record as a whole indicates that the district court imposed the 70-month sentence in the alternative as either an upward departure or an upward variance. Pena-Sanchez challenges only the procedural reasonableness of the district court's application of the guidelines departure provisions, but those provisions are inapplicable to the imposition of an upward variance. *See, e.g., United States v. Gutierrez*, 635 F.3d 148, 152-53 (5th Cir. 2011). He has therefore failed to brief any challenge to the imposition of his sentence as an upward variance, and we affirm on that unchallenged alternative basis. *See United States v. Hebert*, 813 F.3d 551, 561-62 (5th Cir. 2015); *Capital Concepts Props. 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 176 (5th Cir. 1994).

AFFIRMED.