# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2019

Lyle W. Cayce
Clerk

No. 18-31003
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRANCE DEON JORDAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:18-CR-44-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Terrance Deon Jordan pleaded guilty to one count of being a felon in possession of a firearm.  The district court calculated an advisory sentencing guidelines range of 41 to 63 months of imprisonment and sentenced him to 96 months of imprisonment.  He now appeals his sentence, and we affirm.

This court recognizes three types of sentences: (1) a sentence within the guidelines range, (2) an upward or downward departure authorized by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31003

Sentencing Guidelines, and (3) a non-guidelines sentence, or variance, that is outside the guidelines range. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Here, the record reflects that the district court imposed the 96-month sentence in the alternative as either an upward departure or an upward variance. Jordan has challenged only the procedural reasonableness of the district court's application of the U.S.S.G. § 4A1.3 departure provision, but the district court was not required to apply that provision before imposing an upward variance. *See United States v. Gutierrez*, 635 F.3d 148, 152-53 (5th Cir. 2011). He has therefore failed to brief any challenge to the imposition of his sentence in the alternative as an upward variance. We affirm on that unchallenged alternative basis. *See United States v. Hebert*, 813 F.3d 551, 561-62 (5th Cir. 2015); *Capital Concepts Props. 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 176 (5th Cir. 1994). We alternatively affirm on the basis that the upward variance was reasonable in light of the defendant's criminal history and record, as explained by the district court.

AFFIRMED.