# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2021

Lyle W. Cayce
Clerk

No. 20-40108
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

THURMAN P. BRYANT, III; ARTHUR FRANZ WAMMEL,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-213-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Defendant Arthur Franz Wammel appeals his conviction for conspiracy to commit wire fraud and Defendant Thurman P. Bryant appeals the district court imposing an upward variance to his sentence. For the reasons stated below, we AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40108

## I.    BACKGROUND

A jury convicted co-defendants Bryant and Wammel of one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349. The district court sentenced Bryant to the statutory maximum of 240 months in prison, which was above his advisory sentencing guidelines range of 108 to 135 months. The district court sentenced Wammel to a sentence of 136 months in prison, which was within his guidelines range.

On appeal, Wammel asserts that the Government did not provide sufficient evidence to prove that he had the requisite specific intent to commit wire fraud. He also argues that the district court erred in giving the jury a deliberate ignorance instruction. Meanwhile, Bryant asserts that his term of imprisonment is substantively unreasonable because it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). Specifically, Bryant argues that the extent of the upward variance was too high and that the district court should have placed more consideration on the following facts: he was a first time offender, he had lived the majority of his adult life as an upstanding citizen, the Government did not request an upward variance, and his co-defendant received a sentence of only 136 months in prison.

## II.    DISCUSSION

### 1.  Wammel's challenge to the sufficiency of the evidence

This Court reviews preserved challenges to the sufficiency of the evidence de novo.[1] We must "view all evidence . . . in the light most favorable to the government, with all reasonable inferences and credibility choices to be made in support of the jury's verdict," to determine whether "a rational trier of fact could have found the essential elements of the crime beyond a

---

[1] *See United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012).

No. 20-40108

reasonable doubt."[2] To prove wire fraud, the Government must prove: (1) a scheme to defraud; (2) "the use of, or causing the use of, wire communications in furtherance of the scheme"; and (3) a specific intent to defraud.[3] To prove conspiracy to commit wire fraud, the Government must prove that: (1) two or more persons made an agreement to commit wire fraud; (2) "the defendant knew the unlawful purpose of the agreement"; and (3) "the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose."[4]

Wammel does not dispute the existence of a conspiracy, a scheme to defraud, or that wire communications were used in the scheme; accordingly, he has abandoned those issues on appeal.[5] He does argue that the evidence established, at most, that he was on the periphery of the conspiracy, which was not sufficient to establish specific intent.

Contrary to Wammel's assertions, the evidence reveals that he played an essential role in the scheme and was privy to most, if not all of the details. Therefore, he could not be considered a minor participant in the scheme. Moreover, the Government (1) did not need to establish that Wammel knew all of the details of the conspiracy, (2) only needed to introduce minimal evidence to connect Wammel to the conspiracy, and (3) could obtain a

---

[2] *Id.* (quoting *United States v. Ford*, 558 F.3d 371, 375 (5th Cir. 2009)).

[3] *United States v. Stalnaker*, 571 F.3d 428, 436 (5th Cir. 2009) (citation and internal quotation marks omitted); *see* 18 U.S.C. § 1343.

[4] *Grant*, 683 F.3d at 643; *see* 18 U.S.C. § 1349.

[5] *See United States v. Harrison*, 777 F.3d 227, 236 (5th Cir. 2015) (concluding that defendant waived an issue where he failed to provide a legal standard, facts, or a sufficient discussion); **Error! Main Document Only.***Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (explaining that this Court "require[s] that arguments must be briefed to be preserved").

conviction even if Wammel played only a minor role.[6] Based on the evidence presented at trial, it was reasonable for the jury to infer that Wammel had the requisite specific intent to participate in the wire fraud conspiracy.

### 2. Wammel's challenge to the deliberate ignorance instruction

We review "preserved error in jury instructions under an abuse of discretion standard."[7] A deliberate ignorance instruction "should rarely be given" and "is appropriate only when a defendant claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate [ignorance]."[8] Accordingly, it was arguably error for the district court to give the jury a deliberate ignorance instruction.

Assuming *arguendo* that the district court committed error, this Court has held that giving the deliberate ignorance instruction is harmless where there is substantial evidence of actual knowledge.[9] Here, the Government presented ample evidence that Wammel had actual knowledge of and knowingly participated in the wire fraud conspiracy. Therefore, we conclude that any error in giving the deliberate ignorance instruction to the jury was harmless.

---

[6] *See United States v. Posada-Rios*, 158 F.3d 832, 858 (5th Cir. 1998); *United States v. Krenning*, 93 F.3d 1257, 1265 (5th Cir. 1996) (conspiracy to commit mail fraud).

[7] *United States v. Brooks,* 681 F.3d 678, 697 (5th Cir. 2012) (internal quotation marks omitted).

[8] *United States v. McElwee*, 646 F.3d 328, 341 (5th Cir. 2011) (internal quotation marks and citations omitted); *see also United States v. Cartwright*, 6 F.3d 294, 301 (5th Cir. 1993) ("Because the deliberate ignorance instruction may confuse the jury, the instruction should rarely be given." (internal quotation marks and citation omitted)).

[9] *See, e.g., United States v. St. Junius*, 739 F.3d 193, 204–05 (5th Cir. 2013) ("Even if the district court errs in its decision to give the deliberate ignorance instruction, any such error is harmless where substantial evidence of actual knowledge is presented at trial." (internal quotation marks omitted)).

No. 20-40108

### 3. Bryant's assertion of a substantively unreasonable sentence

We review sentences—whether inside or outside the Guidelines range—for reasonableness in light of the sentencing factors set forth in § 3553(a) and review the substantive reasonableness of a sentence under the abuse-of-discretion standard.[10] A sentence is not unreasonable merely because it is outside the Guidelines range.[11] Moreover, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."[12]

The record demonstrates that the district court assessed the facts and arguments of the parties and determined that a sentence within the advisory guidelines range was insufficient to achieve the sentencing goals set forth in § 3553(a). The district court adopted the presentence report and considered the advisory sentencing guidelines range, the policy statements of the Guidelines, and the § 3553(a) sentencing factors, specifically noting the nature and circumstances of the offense, the seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to promote respect for the law, provide just punishment for the offense, and afford adequate deterrence from crime.

Bryant's arguments on appeal constitute a disagreement with the district court's weighing of the § 3553(a) factors. However, this disagreement does not show error in connection with his sentence, nor does it show that the sentence imposed was not reasonable.[13] Moreover, this Court does not

---

[10] *Gall v. United States*, 552 U.S. 38, 46–47, 49–51 (2007).

[11] *Id.* at 51.

[12] *Id.*

[13] *See id.*; *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) ("A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3)

No. 20-40108

reweigh the § 3553(a) factors and reexamine their relative import, nor will it reverse the district court on the basis that this court could reasonably conclude that a different sentence was proper.[14] Bryant's sentence is supported by numerous § 3553(a) factors and is within the statutory maximum.[15]

As to the extent of the variance, Bryant's 240-month sentence is 105 months greater than the top of his advisory guidelines range, and this Court has upheld similarly significant variances.[16] Moreover, although the extent of the variance is substantial, the district court provided a detailed justification for imposing the variance.[17] Given the significant deference that is due a district court's consideration of the § 3553(a) factors, Bryant has not demonstrated that the district court committed any error in imposing his above-guidelines sentence.[18]

## III.   CONCLUSION

For the reasons stated above, the district court's judgment is AFFIRMED.

---

represents a clear error of judgment in balancing the sentencing factors." (internal quotation marks and citation omitted)).

[14] *See Gall*, 552 U.S. at 51; *United States v. McElwee*, 646 F.3d 328, 344–45 (5th Cir. 2011).

[15] *See* 18 U.S.C. §§ 1343, 1349.

[16] *See, e.g., United States v. Gutierrez*, 635 F.3d 148, 154–55 (5th Cir. 2011) (affirming a sentence more than double the high end of the guideline range); *United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010) (affirming a sentence of 216 months where the guidelines range was 46 to 57 months).

[17] *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015); *McElwee*, 646 F.3d at 344–45.

[18] *See Gall*, 552 U.S. at 50–53.