# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 21, 2021

Lyle W. Cayce
Clerk

No. 21-40262
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Miguel Joaquin-Lopez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-112-1

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:[*]

Miguel Joaquin-Lopez, federal prisoner # 17547-579, pleaded guilty to illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a), (b)(1). The district court imposed a statutory maximum sentence of 120 months in prison, which was above the advisory sentencing guidelines range of 15 to 21

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

months in prison.   On appeal, Joaquin-Lopez asserts that his term of imprisonment is substantively unreasonable as it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).  He specifically asserts that the extent of the variance is too high, particularly given that he has never committed a crime of violence and the factors the district court considered to impose an upward variance were already considered in the calculation of his advisory guidelines range.

We review sentences, whether inside or outside the Guidelines, for reasonableness in light of the sentencing factors set forth in § 3553(a) and review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46-47, 49-51 (2007).  A sentence is not unreasonable merely because a different sentence would also have been appropriate.  *Id.* at 51.

The record demonstrates that the district court assessed the facts and arguments of the parties and determined that a sentence within the advisory guidelines range was insufficient to achieve the sentencing goals set forth in § 3553(a).   The district court further adopted the presentence report and considered the advisory sentencing guidelines range, the policy statements of the Guidelines, and the § 3553(a) sentencing factors, specifically noting the seriousness of the offense and the need for the sentence to protect the public, provide just punishment for the offense, and afford adequate deterrence from crime.

Joaquin-Lopez's arguments on appeal constitute a disagreement with the district court's weighing of the § 3553(a) factors.  This disagreement does not show error in connection with his sentence, nor does it show that the sentence imposed was not reasonable.  *See Gall*, 552 U.S. at 51; *United States v. Powell*, 732 F.3d 361, 382 (5th Cir. 2013); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Furthermore, this court does not reweigh the

§ 3553(a) factors and reexamine their relative import, nor will it reverse the district court on the basis that this court could reasonably conclude that a different sentence was proper. *See Gall*, 552 U.S. at 51; *United States v. McElwee*, 646 F.3d 328, 341, 344-45 (5th Cir. 2011). Joaquin-Lopez's sentence is supported by numerous § 3553(a) factors and is within the statutory maximum. *See* § 1326 (a) (b)(1).

As to the extent of the variance, Joaquin-Lopez's 120-month sentence is 99 months greater than the top of his advisory guidelines range, and this court has upheld similarly significant variances. *See, e.g., United States v. Gutierrez*, 635 F.3d 148, 154-55 (5th Cir. 2011) (affirming a sentence more than double the high end of the guideline range); *United States v. Key*, 599 F.3d 469, 471-72, 475-76 (5th Cir. 2010) (affirming a sentence of 216 months where the guidelines range was 46 to 57 months). Moreover, although the extent of the variance is substantial, the district court provided a detailed justification for imposing the variance. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015); *McElwee*, 646 F.3d at 344-45. Given the significant deference that is due a district court's consideration of the § 3553(a) factors, Joaquin-Lopez has not demonstrated that the district court abused its discretion in imposing his above-guidelines sentence. *See Gall*, 552 U.S. at 50-53.

The district court's judgment is AFFIRMED.