# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2024

Lyle W. Cayce
Clerk

No. 24-40055
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Esteban Rivera-Pina,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CR-36-1

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Esteban Rivera-Pina pleaded guilty to illegal reentry after deportation. After determining that Rivera-Pina's criminal history category substantially underrepresented the seriousness of his criminal history and likelihood to recidivate, the district court sentenced him to a statutory maximum sentence of 120 months in prison, which was above the guidelines range of 15 to 21

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

months of imprisonment.  On appeal, Rivera-Pina asserts that his term of imprisonment is substantively unreasonable as it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).  Rivera-Pina specifically asserts that the district court failed to give sufficient weight to the guidelines range of 15 to 21 months, emphasizing, inter alia, that his sentence is more than five times the high end of that range and that two prior serious convictions are approximately 30 years old and occurred when he was young.

We review sentences, whether inside or outside the Guidelines, for reasonableness in light of the sentencing factors set forth in § 3553(a) and review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46-47, 49-51 (2007).  A sentence is not unreasonable merely because a different sentence would also have been appropriate. *Id.* at 51.

The record demonstrates that the district court assessed the facts and arguments of the parties and determined that a sentence within the advisory guidelines range was insufficient to achieve the sentencing goals set forth in § 3553(a).  The district court further adopted the presentence report and considered the recommended guidelines range and the § 3553(a) sentencing factors, specifically noting Rivera-Pina's substantial criminal history and the need for the sentence to protect the public and afford adequate deterrence from crime.

Rivera-Pina's arguments on appeal constitute a disagreement with the district court's weighing of the § 3553(a) factors.  This disagreement does not show error in connection with his sentence, nor does it show that the sentence imposed was not reasonable. *See Gall*, 552 U.S. at 51; *United States v. Powell*, 732 F.3d 361, 382 (5th Cir. 2013); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).  Further, this court does not reweigh the § 3553(a) factors and reexamine their relative import, nor will it reverse the district

court on the basis that this court could reasonably conclude that a different sentence was proper. *See Gall*, 552 U.S. at 51; *United States v. McElwee*, 646 F.3d 328, 341, 344-45 (5th Cir. 2011). Rivera-Pina's sentence is supported by numerous § 3553(a) factors and is within the statutory maximum. *See* 18 U.S.C. §1326(a), (b)(1).

As to the extent of the variance, Rivera-Pina's 120-month sentence is 99 months greater than the top of his advisory guidelines range, and this court has upheld similarly significant variances. *See, e.g., United States v. Gutierrez*, 635 F.3d 148, 154-55 (5th Cir. 2011) (affirming a sentence more than double the high end of the guideline range); *United States v. Key*, 599 F.3d 469, 471-72, 475-76 (5th Cir. 2010) (affirming a sentence of 216 months where the guidelines range was 46 to 57 months). Moreover, although the extent of the variance is substantial, the district court provided a detailed justification for imposing the variance. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015); *McElwee*, 646 F.3d at 344-45. Given the significant deference that is due a district court's consideration of the § 3553(a) factors, Rivera-Pina has not demonstrated that the district court abused its discretion in imposing his above-guidelines sentence. *See Gall*, 552 U.S. at 50-53.

The district court's judgment is AFFIRMED.