# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11510
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE RUIZ-RABANALES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-157-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jorge Ruiz-Rabanales appeals the 12-month sentence imposed following his guilty plea conviction for illegal reentry. The sentence represented an upward variance from the applicable guidelines range. On appeal, Ruiz-Rabanales complains that his sentence is substantively unreasonable. He asserts that the district court gave undue weight to his criminal history because his prior misdemeanor convictions would not have qualified as serious

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offenses warranting an upward departure under U.S.S.G. § 4A1.3(a). He also contends that the district failed to consider favorable factors about his personal history and his benign reasons for coming to the United States.

We review sentences for substantive reasonableness, in light of the 18 U.S.C. § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). To the extent that Ruiz-Rabanales is arguing that the district court should have taken into account the provisions of § 4A1.3 in determining whether to impose an upward variance, he is incorrect. *See United States v. Gutierrez*, 635 F.3d 148, 152-53 (5th Cir. 2011); *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007). The record confirms that the district court considered counsel's arguments and made an individualized assessment based on numerous factors, including Ruiz-Rabanales's personal history and characteristics; the nature of his prior offenses; and the need for the sentence to promote respect of the law, promote deterrence, and protect the public. *See id.*; § 3553(a)(1), (2). Ruiz-Rabanales has not shown that the court's focus on his criminal history and the resulting decision to sentence him above the advisory guidelines range failed to take into account "a factor that should have received significant weight," gave weight "to an irrelevant or improper factor," or represented "a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

As for the increase to 12 months from the seven-month top of the guidelines range, this court has upheld variances and departures greater than the increase to Ruiz-Rabanales's sentence. *See United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006). Ruiz-Rabanales has failed to show that the district court's justification for the imposed sentence was insufficiently

compelling. *See Smith*, 440 F.3d at 707. Consequently, the judgment of the district court is AFFIRMED.