# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10488
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON DEAN RODDAM, also known as Dean-O, also known as Dknow,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-198-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Brandon Dean Roddam pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 and § 841(a)(1), and he was sentenced above the advisory guideline range to 324 months of imprisonment and five years of supervised release. Roddam argues that the district court imposed a substantively unreasonable sentence in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

varying upward from the advisory guideline range by giving an unreasonable amount of weight to his criminal history and by not giving enough weight to the effect that his methamphetamine addiction had on his criminal conduct. He contends that nothing in the sentencing guidelines, policy statements, or commentary warranted an upward variance to 324 months.  He argues that the district court did not state specifically at sentencing how the 18 U.S.C. § 3553(a) factors influenced the decision to vary upwardly.  He states that "drug addiction, in and of itself, is certainly not a basis to upwardly depart," and he argues that the district court did not seem to have an accurate appreciation for the effects of addiction.

This court reviews sentences for reasonableness by engaging in a bifurcated review.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  First, this court must ensure that the sentencing court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *Id.*  If the sentence is procedurally sound, this court then considers whether it is substantively reasonable under an abuse-of-discretion standard.  *Id.*

Roddam's argument that the district court did not state specifically at sentencing how the § 3553(a) factors influenced the decision to vary upwardly is a procedural argument.  Roddam did not challenge in the district court the procedural unreasonableness of his sentence due to the district court's alleged failure to explain its reasons for the upward departure.  The district court gave a lengthy recitation of Roddam's criminal history, noting that Roddam's criminal record demonstrated a lack of respect for "the laws, and the rights of

other persons." The district court's explanation for the upward variance implicates § 3553 factors, specifically, the history of the defendant, the need to promote respect for the law, and to protect the public, as stated in the district court's statement of reasons. *See* 18 U.S.C. § 3553(a)(1) and (2)(A), (C). The district court did not plainly err in explaining its reasons for the upward variance. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008).

Roddam contends that his objection to an upward variance and his objection to the sentence imposed as violating the Eighth Amendment preserved the issue of the substantive unreasonableness of his sentence for review. The Government argues that it is not clear that Roddam's vague Eighth Amendment objection at sentencing was in fact an argument that his sentence was substantively unreasonable. We need not determine whether plain error review is appropriate because Roddam's arguments fail even under an abuse-of-discretion standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

A district court may impose (1) a sentence within the Guidelines range, (2) "an upward or downward departure as allowed by the Guidelines," and (3) "a non-Guideline sentence or a variance that is outside of the relevant Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). The district court imposed an upward variance based on the factors in § 3553(a). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

"A defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline sentence." *Smith*, 440 F.3d at 709. Section 4A1.3 of the Sentencing Guidelines applies to upward departures based on unrepresentative criminal history, not to variances. *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007). A district court is not required to follow the methodology provided for in § 4A1.3 for a departure if it imposes a non-Guidelines sentence or variance. *United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011).

The district court's consideration of Roddam's criminal history was not an improper consideration in choosing a sentence above the Guidelines range and does not demonstrate a clear error of judgment in balancing the sentencing factors. *See Smith*, 440 F.3d at 709. The district court considered Roddam's mitigating argument regarding his drug addiction and concluded that while his use of methamphetamine may have played some role in his bad conduct over the years, it did not account for all the things he had done and that there was something more at work, which the district court concluded was Roddam's lack of respect for the law and the rights of others. Roddam's arguments amount to a disagreement with the weight the court gave to the sentencing factors and does not show that the district court erred. *See Gall*, 552 U.S. at 56-60 (explaining that appellate courts will not reweigh the sentencing factors); *see also United States v. Hernandez*, 633 F.3d 370, 375-76 (5th Cir. 2011) (explaining that a district court does not err in weighing some § 3553(a) factors more heavily than others).

AFFIRMED.